UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            -v-                     :       12 Cr. 81 (KBF)
                                    :
BENITO DEL ROSARIO,                 :       MEMORANDUM & ORDER
               Defendant.           :
                                    :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 17 2012

KATHERINE B. FORREST, District Judge:

   On January 27, 2012, defendant Benito Del Rosario was indicted on one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. On February 9, 2012, defendant moved for a bill of particulars requesting disclosure of the names of co-conspirators and the amount of the heroin underlying the charge in Count One, as well as the dates, addresses and all locations of transactions from which the heroin originated or was seized. (See Dkt. No. 18.)

   That same day, defendant also made what he cast as an "Omnibus Discovery Motion" seeking a variety of discovery, including (1) disclosure of Brady, Giglio and Jencks Act materials; (2) all documents relating to proffers by cooperating witnesses; (3) all communications by or on behalf of witnesses who may testify for the Government; (4) to require the

1

Government to preserve certain interview notes; (5) timely disclosure of the identity of potential experts as well as information, studies or reports upon which the proposed expert intends to rely; and (6) "other crimes" (or "404(b)") materials the Government intends to introduce at trial. (Dkt. No. 16.)

For the reasons set forth below, both motions are DENIED.

## FACTUAL DISCLOSURES TO DATE

The Government has already made a variety of factual disclosures to defendant including:[1]

- All telephone calls intercepted over the Title III wiretaps in which defendant was a participant or subject of discussion; and the English language synopses of those calls. Notably, the line sheets from the calls identify defendant's principle co-conspirator and the dates and times of the calls (see Mem. of Law of the United States of Am. In Opp'n to Def.'s Omnibus Discovery Mot. and Mot. for Bill of Particulars ("Gov't Mem.") (Dkt. No. 20) at 3);

- That one of defendant's alleged co-conspirators is Jose Luis Cabrera Marcelino ("Cabrera") (id.);

- The identity of another alleged co-conspirator is Willy Mota-Marte (id.);

- Documents relating to defendant's arrest (id. at 5);

- Documents relating to surveillance of the defendant (id.);

---

[1] The Government has also represented that is has learned of the existence of certain files in storage; they are obtaining those files this week. The Government states that it will promptly provide any discovery materials therein which have not already been produced. (See Mem. of Law of the United States of Am. In Opp'n to Def.'s Omnibus Discovery Mot. and Mot. for Bill of Particulars (Dkt. No. 20) at 2, fn. 1.)

2

- That a location central to the conspiracy was Cabrera's restaurant, Papagallo Restaurant, at 239 East 165th Street in the Bronx (id. at 6); and

- That the Government intends to call at least three cooperating witnesses in support of its charge against defendant at trial (id.).

It is clear that defendant has already received a great deal of discovery in this case.

## DISCUSSION

A.   The Bill of Particulars

Wide ranging pre-trial discovery is not available in criminal cases.  The discovery available in a criminal matter is governed by the Federal Rules of Criminal Procedure, several key cases including as Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972) and the "Jencks Act," 18 U.S.C. § 3500.  The information defendant seeks by way of a bill of particulars has either already been provided or goes beyond what is necessary.

"A bill of particulars is not necessary where the Government has made sufficient disclosures concerning its evidence and witnesses by other means." United States v. Ojeda, 412 Fed. Appx. 410, 411 (2d Cir. 2011) (citing United States v. Chen, 378 F.3d 151, 162-63 (2d Cir. 2004)).  As the Government correctly notes in its opposition to this motion, the function of a bill of particulars is to prevent prejudicial surprise at

3

trial; the question is whether the information sought is necessary, not whether it would be helpful to have. (Gov't Mem. at 14); see also United States v. Torres, 901 F. 2d 205, 234 (2d Cir. 1990); United States v. Mitlof, 165 F.Supp.2d 558, 569 (S.D.N.Y. 2001). The case law makes it quite clear that a bill of particulars should not be used as a general discovery tool. Torres, 901 F.2d at 234.

Here, as set forth above, the Government has already provided defendant with significant information and materials: defendant knows the crime with which he has been charged, the identity of two of his principle co-conspirators, and he has the tapes, line sheets and surveillance materials that the Government has indicated it intends to use in its case. This is not a case in which defendant can claim that he is unable adequately to prepare for trial.

Accordingly, there is no basis to require a bill of particulars, and defendant's motion for a bill of particulars is DENIED.

B.   The Omnibus Motion

   1. Brady, Giglio and Jencks Act Materials.

To the extent that defendant's Omnibus Motion seeks the production of Brady and Giglio materials (Def. Mem. of Law in Support of His Omnibus Mot. ("Def. Mem.") (Dkt. No. 17) at

4

2-10), the Government has represented that it understands its legal obligations and will provide the materials in the ordinary course (Gov't Mem. at 7). Similarly, the Government represents that it understands its obligations with respect to Jencks Act materials. There is therefore no reason for the Court to order their production--they will be produced in the ordinary course.

Defendant also raises the timing of disclosure. As to Brady materials (Def. Mem. at 5), the Government has represented that it will provide them immediately if/when it obtains any (Gov't Mem. at 7). With respect to Giglio materials, the adequacy of timing is judged against the standard of whether production provides sufficient time for the defendant to have a reasonable opportunity to "act upon the information efficaciously." United States v. Rodriguez, 496 F.3d 221, 226 (2d Cir. 2007). As to Jencks Act materials, by statute, the requirement is only that such materials be turned over once the witness has testified on direct examination at trial. 18 U.S.C. § 3500. The Government has represented that it is aware of its timing obligations relating to both the Giglio and Jencks Act materials; and, consistent with accepted practice in this District, it will turn over all such materials no later than the Friday before the trial begins. (Gov't Mem. at 8.) At this point, the Court will not order otherwise. If, as this case

progresses, there are special circumstances that make the timing of such disclosure problematic, the Court will discuss them with the parties during a pre-trial conference.

As part of his motion, defendant also requests that the Government be required to include within its production witnesses' proffer notes and agreements, communications between the Government and its witnesses and that the Government be required to retain agents' notes of interviews. (Def. Mem. at 11.) The Government has stated that it has every intention of retaining the agents' notes consistent with policy, and to include the requested witness materials in its production(s) at the appropriate time. (Gov't Mem. at 9.) Accordingly, no ruling is required on this issue.

Defendant also seeks information regarding potential witnesses. (Def. Mem. at 10.) Apart from disclosures already required under Brady, Giglio, or the Jencks Act, there is no additional requirement that for pre-trial discovery, the Government must disclose the identity of potential witnesses. This Court declines to impose any additional obligation on the Government to do so.

2. Experts

Defendant has requested that the Government disclose potential experts. (Def. Mem. at 13-14.) Defendant's request

is denied as premature. As the parties move towards trial, they can discuss with the Court the appropriate timing of disclosures if there remains any issue.

3. <u>Intent to Use "Bad Acts" Evidence</u>

Defendant is also making a premature request regarding disclosure of whether and what the Government may determine to use regarding prior "bad acts" under Fed. R. Evid. 404(b). (Def. Mem. at 14-16.) The Government has represented that it will provide such materials three weeks prior to trial. (Gov't Mem. at 13.) At this point, unless there are circumstances that develop indicating that such timing would prejudice defendant, the Court declines to require an earlier production.

CONCLUSION

For the reasons set forth above, defendant's motions are DENIED.

The Clerk of Court is directed to terminate the motions (Dkt. Nos. 16 and 18).

SO ORDERED:

Dated:   New York, New York
         February 17, 2012

                                        _____
                                        KATHERINE B. FORREST
                                        United States District Judge

7