UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

BENITO DEL ROSARIO,
                          Defendant.

12 Cr. 81 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      Before the Court is a motion by defendant Benito Del Rosario for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the motion is denied.

      Del Rosario played a pivotal role in a conspiracy to distribute heroin as a supervisor of a New York "heroin mill." *See* Dkt. 81 ("Sent. Tr.") at 10–11. On June 25, 2012, after a week-long jury trial, Del Rosario was found guilty on one count of conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. *See* Dkt. 113 ("Gov't Opp'n") at 1. Measured under the United States Sentencing Guidelines, Del Rosario's offense level at the time was tabulated at 40, and his criminal history level was I. *See* Sent. Tr. at 22–23. Under the version of the Guidelines then in effect, this resulted in an advisory Guidelines range of 292 to 365 months, with a mandatory minimum of 240 months. *See id.* at 34. On September 28, 2012, the Hon. Katherine B. Forrest, to whom this case was then assigned, sentenced Del Rosario to a term of 292 months' imprisonment, to be followed by 10 years' supervised release. *See id.* at 40, 42.

      On January 5, 2015, Del Rosario's counsel filed a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). Dkt. 86. Del Rosario argued that Amendment 782 to the Guidelines

(the "Amendment") retroactively reduced the offense level for most drug offenses, including heroin offenses, such that his Guidelines range was now lower. *See id.* at 2–3. After the Amendment, Del Rosario's new Guidelines range was 235 to 293 months, with an effective lower bound of 240 months due to the statutory mandatory minimum. *Id.* Del Rosario argued that, because he had previously received a bottom of the Guidelines sentence, his new sentence ought to be reduced to the bottom of the newly applicable range. *Id.*

On January 8, 2015, Judge Forrest denied the motion as premature in light of Del Rosario's anticipated release date of November 2032. *See* Dkt. 87 (modified at Dkt. 90). Del Rosario appealed. Dkt. 93. While the appeal was pending, however, the Government moved on consent to vacate and remand the appeal after the suspension of a District-wide policy of deferring consideration of sentence reduction motions brought by defendants whose potential release dates remained distant. *See* Gov't Opp'n at 4. On January 12, 2016, the Second Circuit remanded Del Rosario's appeal. Dkt. 99. On March 10, 2016, Judge Forrest denied Del Rosario's motion on the merits. Dkt. 103 ("Merits Decision").

On May 28, 2020, Del Rosario filed a *pro se* motion for a reduction of sentence pursuant to § 3582(c), based on the Amendment. Dkt. 107. The case was transferred to the undersigned, with Judge Forrest having left the bench in 2018. Dkt. 108. On June 17, 2020, the Government filed an opposition. Gov't Opp'n. The Government argues that this motion is successive and the Court ought not to consider it on the merits, *id.* at 5–6, and alternatively, that Judge Forrest's initial sentence remains appropriate, *id.* at 6–7. On July 10, 2020, Del Rosario filed a reply. Dkt. 114 ("Def. Reply").

"[A] federal court 'may not generally modify a term of imprisonment once it has been imposed.'" *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting 18 U.S.C. § 3582(b)–(c)). Section 3582(c)(2), however, provides an exception to that rule:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Brooks*, 891 F.3d 432, 435–36 (2d Cir. 2018); *United States v. Savoy*, 567 F.3d 71, 72 (2d Cir. 2009) (per curiam).

The Supreme Court has explained that proceedings on a § 3582(c)(2) motion follow a "two-step approach." *Dillon v. United States*, 560 U.S. 817, 827 (2010); *see United States v. Mock*, 612 F.3d 133, 136–37 (2d Cir. 2010) (per curiam). First, the Court "follow[s] the Commission's instructions in § 1B1.10 [of the Guidelines] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. The Sentencing Guidelines also instruct the Court to "consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and to "consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." § 1B1.10 cmt. n.1(B)(ii)–(iii).

At the threshold, the Government makes a substantial argument that Del Rosario's § 3582(c)(2) motion is successive and ought to be denied on procedural grounds. While the

3

Second Circuit has not squarely addressed this issue with regard to § 3582(c) motions, other Circuits have held explicitly that "prisoners have only one bite at the apple per retroactive amendment to the sentencing guidelines." *United States v. Beard*, 745 F.3d 288, 292 (7th Cir. 2014); *United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011); *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010).[1] At least one court in this District, however, has interpreted existing Second Circuit precedent to imply that successive § 3582(c)(2) motions may be permitted. *See United States v. Ortiz*, No. 11 Cr. 875 (DLC), 2020 WL 747201, at *1 (S.D.N.Y. Feb. 14, 2020) ("The Second Circuit has yet to decide whether successive petitions are available under § 3582(c)(2), but it has implied that such petitions are permitted." (citing *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004))); *United States v. Kee*, No. 98 Cr. 778 (DLC), 2015 WL 6207536, at *2 (S.D.N.Y. Oct. 13, 2015) (same). The Court here need not rule on this basis, however. That is because, even assuming *arguendo* that Del Rosario's successive § 3582(c)(2) motion is procedurally permissible, the Court would deny the motion on the merits.

Critical here, Del Rosario asks this Court effectively to overturn the assessment that Judge Forrest thoughtfully reached in ruling on his first § 3582(c)(2) motion. Judge Forrest carefully considered this identical question on the merits. She had considerable familiarity with

---

[1] While "every . . . circuit that has considered the issue" has held that a district court has *jurisdiction* to consider a second § 3582(c)(2) motion based on the same Guidelines amendment, *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018), this does not preclude the possibility that there may be non-jurisdictional procedural grounds on which such a motion should be denied. *See, e.g.*, *United States v. May*, 855 F.3d 271, 274 (4th Cir. 2017) ("Although we have previously prohibited 18 U.S.C. § 3582(c)(2)-based motions for reconsideration, we understand this prohibition to be non-jurisdictional[.]" (internal citation omitted)); *United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014) (holding that "§ 3582(c)(2)'s limitation on when a sentence modification is permitted [does not] strip[] the district court of subject-matter jurisdiction to consider an impermissible successive motion," because "[a]t most, the statute creates a rule under which successive motions are prohibited and should be denied as outside the scope of the statute").

the case, having presided over Del Rosario's jury trial and his original sentencing. Del Rosario has not presented any new facts or arguments in support of his second motion. The sole change is that his case is now assigned to a different judge in light of Judge Forrest's retirement.

Under these circumstances, the Court does not find a convincing basis to reconsider Judge Forrest's assessment of the just and reasonable sentence in this case, which was based on her balancing of the § 3553(a) factors, including the Guideline range as modified by the Amendment. Judge Forrest was in a far better position than this Court to assess the relevant factors, having presided over Del Rosario's trial and original sentencing. *Cf. Farrow v. United States*, 580 F.2d 1339, 1350 (9th Cir. 1978) (holding that § 2255 petition was properly heard by the sentencing judge because "having presided over the trial, observed the defendant over a time in the courtroom and perhaps under oath on the witness stand, and acquired full knowledge of the circumstances of the crime from sworn testimony, the trial judge is in a unique position to exercise that discretion generally involved in sentencing"). And as a matter of comity and sound judicial administration, a successive § 3582(c) petition is to be discouraged where the pertinent facts are unchanged from the prior petition and the only changed circumstance is the assignment of the case to a new judge.

Accordingly, the Court denies Del Rosario's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is respectfully directed to terminate the motion pending at docket 107 and to mail a copy of this order to Del Rosario.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: August 4, 2020
       New York, New York